1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS SMITH and JENNIFER LYNN TAYLOR-SMITH,<br><br>                Plaintiffs,<br><br>    v.<br><br>NORTHROP GRUMMAN, a Delaware corporation, and Doe 1 through Doe 10,<br><br>                Defendant. | Case No.: 5:13-CV-03942-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 4]** |

Presently before the court is Defendant Northrop Grumman Corporation's ("Defendant") Motion to Dismiss Plaintiff Jennifer Lynn Taylor-Smith's ("Mrs. Smith") Sixth Cause of Action for loss of consortium. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having reviewed the parties' briefing, and for the following reasons, the court GRANTS Defendant's Motion.

## I. Background

Defendant is a Delaware corporation operating worldwide with over 65,000 employees, specializing in developing and manufacturing global aerospace and defense technology. In May 2009, Defendant hired Plaintiff Nicholas Smith ("Mr. Smith") (together with Mrs. Smith, "Plaintiffs") as a "B" welder. Complaint of Mr. and Mrs. Smith ("Compl.") ¶ 4, Docket Item No. 1 Ex. A. Two years later, Mr. Smith suffered a non-industrial motorcycle accident which left him a

1

United States District Court
For the Northern District of California

1   quadriplegic.  Compl. ¶ 4, Dkt. No. 1 Ex. A.  Due to the accident, Mr. Smith could no longer

2   perform his duties as a welder.  Id.  However, Mr. Smith identified other jobs he could perform for

3   Defendant with his skills and knowledge, notwithstanding his disability.  Mr. Smith wrote to

4   Defendant on June 19, 2012, asserting his availability for work.  Id.  Despite Mr. Smith's letter,

5   Defendant released Mr. Smith from employment.

6          On July 15, 2013 Plaintiffs filed suit in Santa Clara County Superior Court alleging, inter

7   alia, disability discrimination and loss of consortium arising from Defendant's alleged

8   discriminatory termination of Mr. Smith.  On August 23, 2013, Defendant removed the case to this

9   court on the basis of diversity.  Notice of Removal ¶ 5, Docket Item No. 1. One week later,

10  Defendant filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)

11  and 12(b)(6), contending that the Complaint fails to state sufficient facts to sustain Mrs. Smith's

12  cause of action for loss of consortium.  Def. Mot. to Dismiss ("MTD") 1, Docket Item No. 4.  The

13  court now turns to the substance of that motion.

### II.     Legal Standard

#### a.   Rule 12(b)(1) Standard

16         "A party invoking the federal court's jurisdiction has the burden of proving the actual

17  existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.

18  1996).  To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file a Rule

19  12(b)(1) motion, which may be either facial or factual in nature.  Wolfe v. Strankman, 392 F.3d

20  358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves an inquiry limited to the allegations in

21  the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to

22  extrinsic evidence.  Id.  When a defendant makes a facial challenge, all material allegations in the

23  complaint are assumed to be true, and the court must determine whether lack of federal jurisdiction

24  appears from the face of the complaint itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d

25  730, 733 (9th Cir. 1979).  In contrast, when a defendant makes a factual challenge, the court

26  determines whether it has jurisdiction by resolving factual disputes as to its existence; in doing so

27  the court need not presume that the plaintiff's allegations are true.  Fraley v. Facebook, Inc., 830 F.

28  Supp. 2d 785, 793 (N.D. Cal. 2011).  Rather, "once the moving party has converted the motion to

2

1    dismiss into a factual motion by presenting affidavits or other evidence properly brought before the

2    court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy

3    its burden of establishing subject matter jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d

4    1035, 1039 (9th Cir. 2004) (citing Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2

5    (9th Cir. 2003)).  In the absence of a full-fledged evidentiary hearing, however, disputed facts

6    relevant to subject matter jurisdiction are viewed in the light most favorable to the non-moving

7    party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).  Disputed facts relating to

8    subject matter jurisdiction should be treated as they would in a motion for summary judgment. Id.

9              **b.  Rule 12(b)(6) Standard**

10            Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to

11   state a claim upon which relief can be granted.  When deciding whether to grant a Rule 12(b)(6)

12   motion, the court generally "may not consider any material beyond the pleadings." Hal Roach

13   Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  However,

14   the court may consider material submitted as part of the complaint or relied upon in the complaint,

15   and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d

16   668, 688-89 (9th Cir. 2001).

17            In considering a Rule 12(b)(6) motion, the court accepts as true all "well-pleaded factual

18   allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court also construes the alleged

19   facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th

20   Cir. 1988).  Nevertheless, "courts are not bound to accept as true a legal conclusion couched as a

21   factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation

22   omitted).

23            "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

24   accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678

25   (internal citations omitted); Fed. R. Civ. Proc. 8(a).  "A claim has facial plausibility when the

26   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

27   defendant is liable for the misconduct alleged." Id.  "Where a complaint pleads facts that are

28   merely consistent with a defendant's liability, it stops short of the line between possibility and

3

Case No.: 5:13-CV-03942-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1  plausibility of entitlement to relief." Id. (internal citations and quotations omitted).  "While legal

2  conclusions can provide the framework of a complaint, they must be supported by factual

3  allegations." Id. at 679.  A complaint "does not need detailed factual allegations" but the "[f]actual

4  allegations must be enough to raise a right to relief above the speculative level" such that the claim

5  "is plausible on its face." Twombly, 550 U.S. at 555-56.

6  **III.    Discussion**

7  　　　Loss of consortium aims "to compensate for the loss of [ ] companionship, affection and

8  sexual enjoyment of one's spouse, and it is clear that these can be lost as a result of psychological

9  or emotional injury as well as from actual physical harm." Molien v. Kaiser Found. Hosp., 27 Cal.

10  3d 916, 932 (1980) (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 146 (1976)).  To state a

11  claim for loss of consortium, a "marital spouse must allege that their partner suffered an injury that

12  is 'sufficiently serious and disabling to raise the inference that the conjugal relationship is more

13  than superficially or temporarily impaired.'" Estate of Tucker ex rel. Tucker v. Interscope

14  Records, Inc., 515 F.3d 1019, 1039 (9th Cir. 2008) (quoting Molien, 27 Cal. 3d at 932-33).  While

15  a physical injury may be more obvious, "a marital relationship can be grievously injured when one

16  spouse suffers a traumatically induced neurosis, psychosis, chronic depression, or phobia."

17  Anderson v. Northrop Corp., 203 Cal. App. 3d 772, 780 (1988) (quoting Molien, 27 Cal. 3d at

18  933).  A claim for loss of consortium does not stand on its own, but is recognized as a "derivative

19  of other injuries [ ] not an injury in and of itself." Thomson v. Sacramento Metro. Fire Dist., No.

20  2:09-CV-01108 FCD, 2009 WL 8741960, at *13 (E.D. Cal. Oct. 20, 2009) (internal citation and

21  quotations omitted).

22  　　　Plaintiffs argue that Defendant's alleged discriminatory termination of Mr. Smith following

23  his motorcycle accident caused loss of consortium to Mrs. Smith.  Compl. ¶ 32, Dkt. No. 1 Ex. A.

24  Plaintiffs contend that the California Fair Employment and Housing Act ("FEHA") provides

25  "sufficient public policy against disability discrimination claims to support a public policy tort

26  claim" for Mrs. Smith and that her claim stems solely from this public policy tort violation.  Pl.

27  Opp'n to Mot. to Dismiss ("Opp'n") 2, Docket Item No. 12.  Defendant moves to dismiss, arguing

28  first, that California does not recognize a separate cause of action for loss of consortium in

4

Case No.: 5:13-CV-03942-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    employment discrimination actions and second, that Plaintiffs' Complaint lacks substantive

2    allegations showing that the Smith's marital relationship was more than superficially impaired, or

3    even if so, that Defendant proximately caused Mrs. Smith's loss of consortium. See MTD, Dkt.

4    No. 4.

5              **a.  FEHA Does Not Allow Private Action by Spouses in Employment**

6                    **Discrimination Claims**

7              Plaintiffs attempt to predicate Mrs. Smith's loss of consortium claim on a violation of

8    public policy under the FEHA.  Through the FEHA the California Legislature has declared, as a

9    matter of public policy, the need to protect and safeguard the right and opportunity of all persons to

10   seek, obtain and hold employment without discrimination, including discrimination on the basis of

11   disability. Cal. Gov. Code § 12920 (2014).  The FEHA establishes a comprehensive scheme for

12   combating and eliminating employment discrimination. Brown v. Super. Ct., 37 Cal. 3d 477, 485

13   (1984).  "In order to recover under the discrimination for employment provisions of the FEHA, the

14   aggrieved plaintiff must be an employee." Shephard v. Loyola Marymount Univ., 102 Cal. App.

15   4th 837, 842 (2002).

16             Plaintiffs' loss of consortium claim cannot flow from a FEHA claim because the FEHA

17   provides protection for "employees," not their spouses. See Mendoza v. Town of Ross, 128 Cal.

18   App. 4th 625, 637 (2005) (upholding trial court's dismissal of complaint on demurrer to plaintiff's

19   claim that he was wrongfully terminated in breach of public policy and discrimination in violation

20   of the FEHA was proper because plaintiff was not an employee).  Under the FEHA, an employee's

21   termination, even if unlawful, does not create liability to a non-employee spouse for loss of

22   consortium. See Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1180 (E.D. Cal. 2011)

23   ("In the absence of some indication that the spouse's benefits were specifically part of the contract,

24   the courts will not allow spouses to sue employers under a third party beneficiary theory as the

25   default law.").  Furthermore, courts have rejected the concept of third party or bystander liability

26   under the FEHA in the context of employment discrimination suits. See Medrano v. Genco Supply

27   Chain Solutions, No. 1:10-CV-01555 LJO, 2011 WL 92016, at *12 (E.D. Cal. Jan. 11, 2011)

28   (holding that no viable claim under the FEHA exists when a former employee sues for sexual

5

Case No.: 5:13-CV-03942-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    harassment directed toward other coworkers and his spouse, though not at him). Considering this

2    authority, Plaintiffs cannot, as a matter of law, assert a loss of consortium cause of action under the

3    FEHA.

4              **b.   Plaintiffs Do Not Have a Cause of Action for Loss of Consortium Based on the**

5                     **Employment Discrimination Claim under California Common Law**

6              Plaintiffs' loss of consortium claim also fails under California common law.  In California,

7    each spouse has a cause of action for loss of consortium caused by a negligent or intentional injury

8    to the other spouse by a third party.  Rodriguez v. Bethlehem Steel Corp., 12 Cal. 3d 382, 408

9    (1974) (overruling Deshotel v. Atchison, T. & S.F. Ry. Co., 50 Cal. 2d 664 (1958), and West v.

10   City of San Diego, 54 Cal. 2d 469 (1960)).  Such has been the rule since the California Supreme

11   Court's decision in Rodriguez, which issued in 1974.  In that case, the plaintiff wife sought to

12   recover from her husband's former employer for loss of consortium after her husband was struck

13   on the head while at work by a falling pipe, leaving him paralyzed below the midpoint of his chest.

14   Rodriguez, 12 Cal. 3d at 385-86.  The California Supreme Court conducted an exhaustive review

15   of third party liability for loss of consortium and ultimately overruled precedent that precluded one

16   spouse's recovery for loss of consortium as a result of the other spouse's injury.  Id. at 385.  In

17   doing so, the court relied on two propositions, first, an extension of the court's holding in Dillon v.

18   Legg, 68 Cal. 2d 728 (1968), where California acknowledged liability to a bystander parent who

19   witnessed the serious bodily injury of a child and, second, the movement by other states of

20   recognizing loss of consortium as a common law tort remedy.  Rodriguez, 12 Cal. 3d at 389-93,

21   399.  In dealing with the issue of whether or not the wife's loss of consortium was too indirect of

22   an injury to be compensated, the court decided that third party liability may be found when the

23   third party negligently causes a severely disabling injury to an adult who they may reasonably

24   expect is married and that his or her spouse would be adversely affected by the injury.  Id. at 400.

25            Here, Plaintiffs rely on Rodriguez in an attempt to expand third party liability for loss of

26   consortium to employers accused of employment discrimination.  In Rodriguez the employer-

27   tortfeasor proximately caused a devastating physical injury to the plaintiff's spouse.  Here, Mr.

28   Smith suffered a devastating physical injury outside of work and Defendant, his employer,

Case No.: 5:13-CV-03942-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    subsequently terminated him.  Mrs. Smith points to this allegedly discriminatory termination, and

2    not the motorcycle accident, as the requisite severely disabling injury supporting her loss of

3    consortium claim.

4         Plaintiffs' attempted expansion of <u>Rodriguez</u> is unpersuasive.  While the common law

5    reasoning of <u>Rodriguez</u> might apply to a factual scenario in which the employer negligently caused

6    a severely disabling injury to an employee, it does not follow that its legal underpinnings be

7    expanded to apply in the context of employment discrimination claims involving alleged emotional

8    harm.  Indeed, courts have ruled that emotional disquiet arising from termination of employment

9    does not reach the level of "neurosis, psychosis, chronic depression, or phobia sufficient to

10   substantially disturb the marital relationship on more than a temporary basis."  <u>Anderson</u>, 203 Cal.

11   App. 3d at 780 (internal citation and quotations omitted); <u>see</u> <u>Maffei v. Allstate Cal. Ins. Co.</u>, 412

12   F. Supp. 2d 1049, 1058 (2006) (plaintiffs' loss of consortium claim arising from termination of

13   employment is not sufficiently serious or disabling as to raise the inference that the conjugal

14   relationship was more than superficially or temporarily impaired).  Further, Plaintiffs' pleadings

15   fail to cite a single case recognizing an emotional injury arising from employment discrimination

16   as sufficient to support a loss of consortium claim.  Accordingly, this Court declines to find a cause

17   of action for loss of consortium for the spouse of an employee claiming employment

18   discrimination.

19              **c.   Plaintiffs Do Not Allege Substantive Facts to Establish Plausible Liability for**

20                    **Loss of Consortium Claim**

21        Even if the Court was persuaded that a loss of consortium claim could derive from a

22   spouse's employment discrimination claim, Plaintiffs have failed to provide sufficient factual

23   allegations to state such a claim.  Plaintiffs' allegations, as contained in the Complaint, do not give

24   rise to a loss of consortium claim under the theory that Mr. Smith's termination caused emotional

25   disquiet rising to the level of "neurosis, psychosis, chronic depression, or phobia" sufficient to

26   considerably disturb the martial relationship.  <u>Anderson</u>, 203 Cal. App. 3d at 780 (quoting <u>Molien</u>,

27   27 Cal. 3d at 933).  In <u>Anderson</u>, the Court of Appeal affirmed the trial court's dismissal of

28   complaint on demurrer to wife's cause of action for loss of consortium arising from the allegedly

Case No.: 5:13-CV-03942-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  wrongful termination of plaintiff's husband by his former employer.  Id. at 774.  The court

2  reasoned that the termination of her husband's employment did not rise to the level of

3  psychological harm "sufficient to substantially disturb the marital relationship on more than a

4  temporary basis."  Id. at 780.  The court held that the non-employee wife "failed to plead facts

5  sufficient to establish a significant impairment of [the husband's] participation in the marital

6  relationship."  Id.; see also Winters v. Jordan, No. 2:09-CV-00522 KJN, 2010 WL 3000192, *12

7  (E.D. Cal. July 27, 2010) (dismissing plaintiffs' loss of consortium claim for failure to plead facts

8  showing that conjugal and martial relationship was more than temporarily affected by alleged tort).

9         Similarly here, Plaintiffs have failed to include the requisite factual allegations sufficient to

10  state a loss of consortium.  As described in the previous section, the injury alleged in this action

11  stems solely from Mr. Smith's termination of employment, not his motorcycle accident, and thus is

12  one of mental, not physical, injury.  Yet Plaintiffs' pleadings fail to sufficiently describe the

13  psychological injury or mental harm as a result of Mr. Smith's termination in their loss of

14  consortium cause of action.  Moreover, the pleadings lack substantive allegations showing that any

15  mental injury that Mr. Smith sustained as a result of his termination caused any severe impairment

16  of the marital relationship.

17         Additionally, the allegations that Plaintiffs do provide do not, under these circumstances,

18  state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678.  Defendant terminated Mr.

19  Smith's employment following his disabling accident.  In their Complaint, Plaintiffs avoid

20  addressing this accident and the likely effect it may have had on their marital relationship.  Instead,

21  Plaintiffs attempt to establish a nexus solely between Defendant's termination of Mr. Smith and the

22  effects that allegedly discriminatory termination had on their marriage.  "A claim has facial

23  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

24  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  The

25  plausibility standard requires more than a sheer possibility of unlawful conduct by the defendant.

26  Id.  Considering the circumstances of this case and the state of the allegations, Plaintiffs' proposed

27  nexus between the termination and loss of consortium is speculative, offering a mere possibility of

28  proximate harm, not a reasonable inference of liability.

8

Case No.: 5:13-CV-03942-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

**United States District Court**
**For the Northern District of California**

1

**IV.      Conclusion**

2

   Based on the foregoing, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs'

3

Sixth Cause of Action.  Because the Court finds that a loss of consortium claim may not attach to

4

an employment discrimination claim, the Court has no reason to believe that the identified

5

deficiencies in Plaintiffs' Complaint could be cured through amendment.  See Schreiber

6

Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

7

Accordingly the Sixth Cause of Action is DISMISSED without leave to amend.

8

   The court hereby sets a Case Management Conference for September 26, 2014 at 10:00

9

a.m.  The parties shall submit a Joint Case Management Conference Statement, in accordance with

10

this district and this court's standing orders, by no later than September 19, 2014.

11

**IT IS SO ORDERED**

12

Dated: July 25, 2014

13

_____
EDWARD J. DAVILA
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9