UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS SMITH and JENNIFER LYNN TAYLOR-SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN, a Delaware corporation, and Does 1 through 10,<br><br>Defendants. | Case No.   5:13-cv-03942-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 37 |

Plaintiff Nicholas Smith previously was employed by defendant Northrup Grumman as a welder in defendant's plant in Sunnyvale, California. Following a non-work related motorcycle accident on May 1, 2011, he was rendered a quadriplegic and could no longer perform his welder job. He received medical leave.

According to defendant:   Plaintiff initially was to return to work on August 1, 2011. Smith's doctors, however, subsequently advised that plaintiff was "paralyzed and unable to return to work." (DDJR No. 1 at 7). And, in a November 16, 2011 letter, plaintiff's doctor stated that Smith "will be permanently out of work." (Id.). Two days later on November 18, 2011, defendant says it granted plaintiff's request to extend his medical leave through May 1, 2013. (Id.). Then, on April 16, 2012, plaintiff's doctor advised that Smith could return to work with restrictions: "He is unable to do manual labor. He may work in a managerial capacity. His activities may

1   include running a crew, computer work, reading prints, clerical work, and other tasks not
2   involving heavy physical labor." (DDJR No. 1 at 7).  Additionally, defendant says that the doctor
3   sent a "Leave of Absence Return to Work Authorization" form indicating that Smith had
4   permanent restrictions, i.e., no walking, no lifting 5-10 lbs., no working in tight spaces or confined
5   areas, no squatting or climbing, and no working at heights.  (Id.).  According to defendant, Smith
6   testified that he told his doctor what to write in the April 16, 2012 letter and on the form.  For
7   purposes of resolving this discovery matter, none of these assertions are disputed by plaintiff.

8         Smith says that he was considered for only four positions, all in the Sunnyvale plant:
9   welder, rod room attendant, tool crib attendant, and drafting assistant.  He was not placed in
10  another position.  Smith further alleges that he eventually received a full medical release from his
11  doctor on January 9, 2013 and that he advised defendant of the same in a March 6, 2013 letter, but
12  no one responded.  (Dkt. 1, Complaint ¶ 4).  His employment with Northrup Grumman was
13  terminated on May 2, 2013 when, defendant says, Smith's 2-year maximum period for medical
14  leave expired.

15        In this lawsuit, Smith claims that defendant discriminated against him based on his
16  disability under California Fair Employment & Housing Act (FEHA), Cal. Gov't Code §§ 12940,
17  et seq., including failure to reasonably accommodate his disability and to participate in a good
18  faith interactive process to identify alternate positions for him in the company.  His complaint,
19  originally filed in state court, also asserts several common law claims for relief.  Defendant
20  removed the action here, asserting diversity jurisdiction, 28 U.S.C. § 1332.

21        In Discovery Dispute Joint Report (DDJR) No. 1, plaintiff seeks an order compelling
22  Northrop Grumman to produce documents responsive to Document Request No. 7, which asks for
23  "[a]ny and all job descriptions used by Defendant, existing in the past four years, describing
24  positions for which employees of Defendant's Marine Systems Sunnyvale, California location
25  were or are eligible to apply for transfer."  Defendant contends that the request is overbroad and
26  unduly burdensome.  The parties have agreed that the request properly should be limited to job
27  descriptions that actually were posted.  However, they still disagree on two issues:  the proper
28  temporal and geographic scope of the request.  The matter is deemed suitable for determination

without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, and for the reasons discussed below, this court grants in part and denies in part plaintiff's request for an order compelling this discovery.

### A.     Temporal Scope

As originally drafted, Request 7 sought responsive documents dating back to December 10, 2010, or about five months prior to plaintiff's accident. Plaintiff is now willing to narrow the request to documents going back to the May 1, 2011 date of his accident. Defendant contends that it should only have to produce documents between April 16, 2012 (when Smith's doctor first wrote a letter stating that plaintiff could return to work with restrictions) and May 1, 2013 (plaintiff's last day of employment with the company). Plaintiff is unwilling to accept the April 16, 2012 date because he claims that he told Northrup Grumman that he wanted to return to work earlier than the date on his doctor's note. Plaintiff, however, does not identify what that earlier date was. His request for documents dating from his May 1, 2011 accident sweeps too broadly, and the burden and expense of that discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). Nor has plaintiff demonstrated the relevance of open positions post-dating his employment with the company. This court therefore adopts defendant's proposed dates and will require defendant to search for and produce all non-privileged, responsive documents dating between April 16, 2012 and May 1, 2013.

### B.     Geographic Scope

Plaintiff says that, as a Northrup Grumman employee, he could have applied for any open position in the United States. As such, he insists that defendant must look for available jobs nationwide. Defendant, on the other hand, argues that its search should be limited to a portion of the Bay Area---specifically, to an area within one hour's drive of plaintiff's home in Redwood Shores.

Additionally, defendant argues that its search for documents should be tailored to plaintiff's particular qualifications and restrictions (as reflected in his deposition testimony and medical records), contending that no valid discovery purpose is served by conducting a search for positions that plaintiff would not pursue or could not secure. Defendant says it asked plaintiff for

a description of job skills and essential functions he has been able to perform since the accident, including a list of any functional limitations. But, defendant says plaintiff responded in circular fashion, stating only that "the job descriptions, for all positions which were available for plaintiff's consideration as transfer opportunities, should be produced." (DDJR No. 1 at 11). Citing Jensen v. Wells Fargo Bank, 102 Cal. Rptr.2d 55, 68-69 (Cal. App. 2000), plaintiff says that he does not bear the burden of identifying what jobs may have been available at the company. Even so, Jensen also says that "[i]t is an employee's responsibility to understand his or her own physical or mental condition well enough to present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee." Id. at 71.

This court is unpersuaded that defendant's document search should be limited to an area within one hour's drive of plaintiff's home. Defendant does not deny that plaintiff could have applied for open positions anywhere in the country, but it claims that plaintiff is only interested in returning to the Sunnyvale plant. (DDJR No. 1 at 7). It points out that in deposition, plaintiff testified that he has not looked for another job (and won't until this litigation is over) because (1) he only wants to work at Northrup Grumman and (2) the income must be high enough to cover childcare expenses (albeit, he did not specify the amount). Defendant further says that plaintiff's spouse has been a teacher at Oak Grove, Lynbrook, and Menlo-Atherton high schools; that before his termination, plaintiff lived in South San Jose; that he moved to Redwood Shores in 2012 during his medical leave and before his termination; and that he had conflicts with his spouse about the move and about his focusing solely on Northrup Grumman for other employment opportunities. Additionally, defendant claims that plaintiff has never expressed interest in pursuing work in other states. Be that as it may, defendant has not pointed to anything indicating that plaintiff clearly is only interested in the Sunnyvale plant or that he would not consider other Northrup Grumman jobs outside the Bay Area. Because there is no dispute that plaintiff could have applied for open positions in other states, this court finds that plaintiff's request for discovery of open positions nationwide is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Although defendant says that the search for and production of documents pertaining to open positions nationwide will involve considerable

4

1  burden, on this record, this court concludes that the burden imposed is not undue.

2  Defendant is not aided by its reliance on Smith v. JPMorgan Chase, No. C09-0168, 2011
3  WL 31040 (W.D. La., Jan. 5, 2011). In that case, the plaintiff only sought discovery of open jobs
4  within a 60-mile radius of her home. Id. at *4.

5  Defendant also contends that because plaintiff's complaint is based solely on California
6  (not federal) law, there is an inherent jurisdictional problem because California has no authority to
7  compel an employer to place a local employee in another state. But, plaintiff argues, more
8  persuasively, that the issue is not what remedies may be available in this court, but rather, whether
9  defendant had or considered plaintiff for any such open positions and whether it fulfilled its
10 obligations under the interactive process.

11 Based on the foregoing, defendant shall forthwith search for and produce documents
12 responsive to Request 7 pertaining to open positions in the United States. Request 7, however,
13 will be limited to the period April 16, 2012 to May 1, 2013 and to plaintiff's particular
14 qualifications and restrictions, as reflected in his deposition testimony and medical records.

15 SO ORDERED.

16 Dated:   August 5, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:13-cv-03942-EJD Notice has been electronically mailed to:

George S. Duesdieker    grgdr@yahoo.com, george@duesdieker.com

Michael A. Hoffman , III    mhoffman@arenahoffman.com, aking@arenahoffman.com, blinsenbigler@arenahoffman.com

Ronald D. Arena    rarena@arenahoffman.com, aking@arenahoffman.com, blinsenbigler@arenahoffman.com