UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS SMITH and JENNIFER LYNN TAYLOR-SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN, a Delaware corporation, and Does 1 through 10,<br><br>Defendant. | Case No. 5:13-cv-03942-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. No. 38 |

This is an action for alleged disability discrimination under the California Fair Employment & Housing Act, Cal. Gov't Code §§ 12940, et seq. Defendant asserts federal jurisdiction based on diversity, 28 U.S.C. § 1332. Plaintiff Nicholas Smith previously was employed by defendant Northrup Grumman as a welder, a position that defendant says was covered by a collective bargaining agreement that Northrup Grumman negotiated with the International Association of Machinists & Aerospace Workers Local 93. Following a non-work related motorcycle accident on May 1, 2011, Smith was rendered a quadriplegic, could no longer perform his welder job, and received medical leave. Smith's employment with defendant was terminated on May 2, 2013 when, defendant says, his medical leave expired. Plaintiff claims that defendant failed to participate in a good faith interactive process and failed to accommodate his disability by placing him in another position at the company.

At issue in Discovery Dispute Joint Report (DDJR) No. 2 is plaintiff's Topic No. 10 for Northrup Grumman's Fed. R. Civ. P. 30(b)(6) deposition testimony: "The cost to Defendant of benefits received by Nicholas Smith from Defendant." Plaintiff argues that this information is relevant to his damages for the loss of benefits due to his termination. Defendant objects on the grounds that this information "is irrelevant and private" (DDJR No. 2 at 4).[1] The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court grants in part and denies in part plaintiff's request for an order compelling defendant's testimony and grants in part and denies in part defendant's request for a protective order.

Preliminarily, this court observes that in DDJR No. 2, the parties appear to be talking past one another to a certain extent. As framed by plaintiff, this discovery dispute concerns only a disagreement as to whether damages for lost benefits are to be measured by his out-of-pocket expenses for replacing them. Defendant, however, appears to object more broadly to testifying about its costs of providing the benefits; and, to the extent plaintiff seeks discovery about the value of the benefits he would have received but for his termination, defendant contends that those values are not actually "costs" incurred by Northrup Grumman. Neither side has adequately briefed the relevance of defendant's costs of providing the benefits. As discussed below, the vast majority of defendant's arguments are devoted to an issue re health/medical and life insurance benefits that is *not* disputed. And, plaintiff has not clearly articulated the relevance of defendant's costs of providing benefits (as opposed to the value of the benefits he would have received had he not been terminated). Nor has he cited any authority supporting discovery of such information. Absent any such authority, this court will not require defendant to testify about such matters.

As noted above, the bulk of defendant's arguments concern an issue as to which there is no controversy: The parties agree that under Ninth Circuit precedent cited by Northrup Grumman, "a plaintiff should be compensated for the loss of [medical and life insurance] benefits if the

---

[1] Defendant has not offered any argument or authority as to the claimed "private" nature of the information or why that should preclude plaintiff from obtaining discovery about it. So, this court addresses only defendant's relevance objection.

2

plaintiff has purchased substitute insurance coverage or has incurred, uninsured, out-of-pocket medical expenses for which he or she would have been reimbursed under the employer's insurance plan." Galindo v. Stoody Co., 793 F.2d 1502, 1517 (9th Cir. 1986); see also E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 902 (9th Cir. 1994) (applying Galindo in a Title VII employment discrimination case).[2] In other words, damages for the loss of such benefits are based on a plaintiff's out-of-pocket expenses to replace them. Smith therefore agrees that health/medical and life insurance benefits do not fall within the scope of Topic 10.

As for other types of benefits, Smith protests that his out-of-pocket expenses are not the correct measure, arguing that he cannot, for example, "buy" a replacement for earned vacation time. It is unclear precisely what universe of other benefits plaintiff received during his employment; but, he makes passing reference to vacation pay, sick time, overtime, and retirement or other deferred compensation benefits. To the extent defendant suggests that Galindo and Farmer Bros. support the conclusion that such other benefits are irrelevant for discovery purposes, that argument fails to convince. Indeed, in Galindo, the Ninth Circuit went on to state that the plaintiff "is, of course, entitled to any lost seniority pay, vacation pay, or any other fringe benefits that he would have actually received." 793 F.2d at 1517-18. In Farmer Bros., the Ninth Circuit reversed the district court's award of health and life insurance benefits and remanded with instructions that those lost benefits be calculated based on the plaintiff's out-of-pocket costs. 31 F.3d at 902. But, the Ninth Circuit otherwise "affirm[ed] the district court's determination of [plaintiff]'s other fringe benefits and backpay award." Id.; see also Su v. Siemens Industry, Inc., No. 12-cv-03743-JST, 2014 WL 3615582 at *5 (N.D. Cal., July 22, 2014) (based on review of the underlying findings of fact and conclusions of law in Farmer Bros., concluding that the Ninth Circuit in Farmer Bros. "affirmed the award of 'pension benefits . . . paid vacation days, holidays and sick leave,' and affirmed that the awards could be calculated based on the amount the employer 'paid monthly under the pertinent collective bargaining agreements for each

---

[2] Although plaintiff asserts only state law claims for relief, no one contests the applicability of the Ninth Circuit cases cited by defendant.

3

1  employee."'").

2  Defendant nevertheless maintains that the value of earned vacation, overtime, or paid sick
3  days are items that can be compensated through an award of back pay. Additionally, defendant
4  contends that retirement and other deferred compensation is simply the amount of contributions
5  plaintiff deferred or paid to trust accounts under the pertinent plans. Therefore, the value of these
6  benefits, says defendant, are not "costs" incurred by Northrup Grumman. None of these
7  arguments, however, demonstrate that the value of these benefits are irrelevant. Quite the
8  opposite. And, the court finds that the value of these benefits does fall within the ambit of Topic
9  No. 10.

10 Based on the foregoing, plaintiff's request for an order compelling testimony and
11 defendant's request for a protective order are granted in part and denied in part as follows: In
12 response to Topic No. 10, defendant shall provide testimony about the value of benefits that
13 plaintiff would have received but for his termination, except that defendant will not be required to
14 testify about any health/medical or life insurance benefits. Absent any authority, defendant will
15 not be required to testify about any other costs.

16 SO ORDERED.

17 Dated: August 7, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

4

5:13-cv-03942-EJD Notice has been electronically mailed to:

George S. Duesdieker     grgdr@yahoo.com, george@duesdieker.com

Leslie Holmes     leslie@hulawyers.com

Michael A. Hoffman , III     mhoffman@arenahoffman.com, aking@arenahoffman.com, blinsenbigler@arenahoffman.com

Ronald D. Arena     rarena@arenahoffman.com, aking@arenahoffman.com, blinsenbigler@arenahoffman.com