UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS SMITH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN,<br><br>    Defendant. | Case No.  5:13-cv-03942-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>Re: Dkt. No. 46 |

      Plaintiff Nicholas Smith ("Plaintiff") filed the instant action against Defendant Northrop Grumman Corporation ("Northrop"), alleging various state-law claims under California's Fair Employment and Housing Act ("FEHA").  Presently before the court is Defendant's Motion to Modify Scheduling Order.  See Mot., Dkt. No. 46.  Plaintiff opposes the motion.  See Opp'n, Dkt. No. 47.

      Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1441 and 1446.  Having carefully considered the pleadings, the court finds, concludes, and orders as follows:

      1.      By way of background, Northrop contends that on August 20, 2015, Plaintiff served a supplemental disclosure statement to identify Wendy Landreville, M.D., as a witness he intended to call in support of his claims.  Mot. at 1.  On September 2, 2015, Northrop served a subpoena on Dr. Landreville to take her deposition, and they agreed to take the deposition on September 17, 2015.  Id.  Northrop contends that a scheduling conflict arose, thus on September 15, 2015, Plaintiff's counsel agreed to stipulate to an extension of the discovery cut-off date to accommodate the deposition.  Id.  To avoid modifying the scheduling order, Northrop offered to accept a brief declaration in lieu of the deposition appearance.  Id.  Dr. Landreville agreed, and the

deposition was cancelled. Id. Northrop further contends that thereafter, Plaintiff's counsel wrote to Dr. Landreville that the discovery cutoff had expired and urged her not to sign the declaration, and refused to stipulate to a modification of the discovery cutoff. Id. It appears that Northrop's intent with Dr. Landreville was to inquire about the two letters she wrote for Plaintiff stating that he could not serve on jury duty due to his disability. Id. According to this court's scheduling order, the fact discovery cut-off date was September 18, 2015. See Dkt. No. 41.

2.   As such, through the instant motion, Northrop moves to extend the discovery cut-off date in order to depose Dr. Landreville. Id. In opposition, Plaintiff argues that the information Northrop seeks from Dr. Landreville is irrelevant because Plaintiff's ability, or inability, to serve on a jury bears no relevance to his FEHA claims. Opp'n at 1.

3.   Under Federal Rule of Civil Procedure 16, a party must initially demonstrate sufficient "good cause" to modify the scheduling order so as to allow an extension for the discovery cut-off date. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If, and only if, the requisite good cause is shown, the court then turns to an examination of the relevant factors under Rule 15. Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008); Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-08 (1992) ("If that party was not diligent, the inquiry should end.").

4.   In examining this matter, the Court must be mindful of what can constitute "good cause" under Rule 16. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (internal quotations omitted). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605,

607 (E.D. Cal. 1999).

5. Here, Northrop argues that good cause exists because it acted promptly and diligently in serving Dr. Landreville the subpoena to appear for deposition prior to the discovery cutoff. Mot. at 5. It argues that the need to extend the discovery arose at Dr. Landreville's request due to her scheduling; it was not due to Northrop. Id.

6. While the court understands Northrop's position, it fails to see how Dr. Landreville's testimony regarding the letters she wrote to excuse Plaintiff from jury duty is relevant to Plaintiff's FEHA claims. See Mot. at 3 ("Northrop proposed to Dr. Landreville that she simply sign a declaration in lieu of appearing for deposition. She was asked to address two letters in her medical file advising that Smith's condition was so incapacitating that he could not serve on jury duty."). The letters themselves were part of the record that Northrop offered for its Motion for Summary Judgment. See Def.'s Ex. 25, Dkt. No. 48-8. In ruling on the motion, the court determined that the issue of Plaintiff's ability or inability to serve on jury duty was irrelevant to Plaintiff's FEHA claims. See Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. To the extent Northrop's intent in seeking to depose Dr. Landreville is solely to inquire about her letters pertaining to jury duty, there is an insufficient showing of good cause to modify the scheduling order.

Accordingly, Northrop's Motion to Modify Scheduling Order is DENIED.

**IT IS SO ORDERED.**

Dated: December 15, 2015

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-03942-EJD
ORDER DENYING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER